[Civ. No. 7051. First Appellate District, Division Two.—October 9, 1929.]

LEE ANDREW BORGSTROM et al., Appellants, v. JULIA J. BRYAN et al., Respondents.

Clarence De Lancey and John S. De Lancey for Appellants.

J. W. O'Neill for Respondent Bryan.

STURTEVANT, J.—Claiming that one of defendants' buildings encroached on their lot, the plaintiffs sued to abate an alleged nuisance. From a judgment in favor of the defendants the plaintiffs have appealed.

The defendants' deed contains a description by metes and bounds and it also contains the following description, " . . . all of lots 6 and 7 as said lots are shown and delineated on that certain map entitled Map of Subdivision of Plat 12, Watson Tract, City of Oakland," filed April 29, 1879. The plaintiffs assert that the burden was on the defendants to prove the location of the boundary line for which they contend. They do not show wherein the defendants did not do so.

The plaintiffs also assert that the location of the boundary line between plaintiffs' and defendants' line is to be determined by first locating the point of intersection of Bay Street and Brooklyn Street as such point existed in 1879. The plaintiffs do not show that this was not done, and the defendants claim it was. From our examination we find no defect in the showing made.

The plaintiffs say there is no evidence "that the present street lines are the same as when the map was filed." The defendants assert that there is and they quote it. The quotation supports the defendants.

The trial court made a finding in favor of the defendants on adverse possession, and it also made a finding in their favor as the holders of the record title. The plaintiffs contend that the two findings are contradictory. Of course that is not so. They contend that a finding on ad-

verse possession can rest only on evidence showing both occupation and a hostile intent. The defendants do not dispute the point. However, they show that from 1905 until this action was commenced in 1926, the defendants occupied the disputed ground and did so with a hostile intent as to the whole world, including the plaintiffs. In this behalf they show that to the exclusion of others they used the strip as a driveway for their vehicles and stock; that they used it for pasturage; that they used it in part for orchard purposes, and in part to build on, and that many years ago they dug a well on it and that they built a tank-house on the strip in dispute. They also showed that since 1925 defendants and their predecessors have erected and maintained a garage standing on that strip and other lands owned by them.

The plaintiffs assert the judgment is against law. They claim there was evidence that the strip of land in controversy is a part of their lot. It may be conceded there was, but it must be conceded also that there was evidence to the effect that it was a part of defendants' land. The finding against the plaintiffs resting on such conflicting evidence cannot be disturbed by a court of review.

The plaintiffs offered in evidence a map "Watson tract 100 acres." It was a map of a survey made in 1867. The map was filed in the same year. No one of the defendants made it or caused it to be made. It was a map of a larger tract of which it is claimed the lands in suit were a part. If those lands were a part the connection was not shown. It is clear that it is not the map referred to in the defendants' deed. The court sustained the objections of the defendants. It did not err.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.